# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                                          **Case No. 06-CR-52**

**TROY DUVALL**
                **Defendant.**

---

## MEMORANDUM

On January 5, 2007, I sentenced defendant Troy Duvall to 120 months in prison on his guilty pleas to distributing cocaine, <u>see</u> 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and distributing 50 grams or more of crack, <u>see</u> 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).  Defendant has contacted the court asking what steps need to be taken to obtain a sentence reduction based on the Sentencing Commission's recent amendment to the crack cocaine guidelines.

The Commission's amendment to the crack guidelines is retroactive, <u>see</u> U.S.S.G. § 1B1.10(c), but in defendant's case it does not have the effect of lowering the applicable guideline range because of the operation of the statutory mandatory minimum, <u>see</u> U.S.S.G. § 1B1.10 cmt. n.1(A).  Therefore, defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant initially faced a guideline range of 262-327 months and a statutory mandatory minimum of 240 months.  Based on defendant's cooperation, the government moved to dismiss the information previously filed under 21 U.S.C. § 851, thereby reducing the mandatory minimum from 20 years to 10, and moved for a further reduction under U.S.S.G. § 5K1.1.  However, the government did not move under 18 U.S.C. § 3553(e), thereby preventing a sentence below the 10 year minimum.  I granted the government's §

5K1.1 motion and reduced the offense level by 8, creating a range of 120-140 months.  I then imposed sentence at the low end of the range, which corresponded to the statutory mandatory minimum.  Even using the new crack guidelines, no further reduction is possible.  Section 3582(c)(2), which generally provides for sentence reductions based on retroactive amendments to the guidelines, does not permit the court to disregard a statutory mandatory minimum.  See, e.g., United States v. Pardue, 36 F.3d 429, 430-31 (5th Cir. 1994) (citing United States v. Dimeo, 28 F.3d 240 (1st Cir. 1994); United States v. Mueller, 27 F.3d 494 (10th Cir. 1994)).  Therefore, defendant cannot obtain a sentence reduction under the new guidelines.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge